# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6675 | DATE | 4/26/2000 |
| CASE TITLE | NORA BONILLA vs. SMALL ASSEMBLIES CO., INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Because Bonilla has adequately alleged her claim for violation of the FMLA, Small's motion to dismiss her complaint is denied. Small is ordered to answer or otherwise respond to the complaint within 20 days of this order. Status hearing set for 5/17/00 at 9:15a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | APR 27 2000 date docketed |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | docketing deputy initials |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | date mailed notice |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NORA BONILLA, )
)
    Plaintiff, )
)
v. ) No. 99 C 6675
) Paul E. Plunkett, Senior Judge
SMALL ASSEMBLIES CO., INC. )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Nora Bonilla filed a one count complaint against Small Assemblies Company, Inc. ("Small") for terminating her employment in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"). Small has moved to dismiss Bonilla's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

### Facts[1]

Small produces machine parts and hired Bonilla in April 1991 as a full-time machine operator. Bonilla, like most of Small's employees, is not literate in English and speaks Spanish.

On December 22, 1997, Bonilla left for an approved vacation to visit her extended family in Honduras. During her vacation on December 30, 1997, Bonilla's mother, Virginia Reyes Amaya became seriously ill. On that same day, Bonilla called her employer and spoke with the owner's son, Sean Blakely. She told him that "her mother was very sick and that she need more time to care for

---

[1] The relevant facts set forth herein are taken from Bonilla's Complaint.

-1-

her mother. Sean asked Bonilla when she would return to work, but Bonilla told him that she did not know when she would return to work because it depended upon her mother's condition." (Compl. ¶ 10.)

Bonilla cared for her sick mother for the next few weeks. When Bonilla returned to work on January 19, 1998, she presented Small a note from her mother's doctor regarding her mother's condition. Small terminated Bonilla's employment.

## Discussion

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Small raises two grounds for the dismissal of Bonilla's claim. On the first ground, Small argues that Bonilla's complaint fails to allege that she provided sufficient notice to Small regarding her need for FMLA leave. However, the FMLA gives substantial deference to employees with respect to notice of their need for FMLA leave. See Price v. City of Ft. Wayne, 117 F.3d 1022, 1025-26 (7th Cir. 1997). The Department of Labor Regulations accompanying the FMLA outline the notice requirements under the act:

> (b) The employee should provide notice to the employer either in person or by telephone . . . . The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed. The employer will be expected to obtain any additional required information through informal means.

29 C.F.R. § 825.303. Thus, "it is sufficient notice if the employee provides the employer with enough information to put the employer on notice that FMLA-qualifying leave is needed." Stoops v. One Call Communications, Inc., 141 F.3d 309, 312 (7th Cir. 1998).

Small complains that Bonilla failed to give it enough information to put it on notice that FMLA qualifying leave was needed. It relies on two cases outside this circuit to support this argument. It offers Satterfield v. Wal-Mart Stores, Inc., 135 F.3d 973 (5th Cir. 1998), and Slaughter v. American Bldg. Maintenance Co. of New York, 64 F. Supp. 2d 319 (S.D.N.Y. 1999), for the proposition that merely informing an employer that the employee is "sick" is not enough to trigger FMLA notice. Even if these cases were controlling (which they are not), they are distinguishable from the facts plead in Bonilla's complaint. Bonilla did not merely inform Small that her mother was ill and that she would be absent from work, as the plaintiffs did in Satterfield and Slaughter. In fact, she told Small that her mother was "very sick" and that she would need more time away from work, in addition to the vacation that she was already granted, in order to care for her mother. (Compl. at ¶ 10.) She also informed them that she did not know when she would return to work because it depended upon her mother's condition. (Id.) Clearly, Small was on notice that Bonilla's mother was sick enough to need care from her daughter and that she could not return until her mother recovered or received some other help. Furthermore, Bonilla was caring for her mother in Honduras, which obviously made communications with her employer more difficult than for the plaintiffs in Satterfield and Slaughter.

Pursuant to the case authority controlling in this circuit, once notice of possible eligibility is provided, it is the employer's responsibility to make further inquiry to determine if the FMLA is applicable. Stoops, 141 F.3d at 312; Price, 117 F.3d at 1026. It appears to this Court that given the

FMLA's substantial deference to employees with respect to notice of their need for FMLA leave and Rule 12(b)(6)'s deference to plaintiffs when faced with any ambiguities, see Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998), that plaintiff has sufficiently plead that she provided notice to Small that her requested leave potentially qualified under the FMLA.

Small also moves to dismiss Bonilla's complaint because plaintiff does not have standing to seek relief under 29 U.S.C. § 2619 for Small's alleged failure to comply with the notice provisions of that section. However, as plaintiff points out, she does not seek relief under that section. Rather, she seeks relief for Small's alleged violation of 29 U.S.C. § 2615 for terminating her. Thus, Small's argument is without merit.

## Conclusion

Because Bonilla has adequately alleged her claim for violation of the FMLA, Small's motion to dismiss her complaint is denied. Small is order to answer or otherwise respond to the complaint within 20 days of this order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 4-26-00